Appellant, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, Respondent.—
Judgment and order unanimously affirmed, with costs. The evidence fully
justified the verdict for the defendant on the first cause of action. When the case
was before the court upon the former appeal (209 App. Div. 835), we held that
the learned judge who presided at the first trial erred in holding that plaintiff could
not maintain an action on the second cause of action alleged in the complaint.
On the second trial, now before us for review, plaintiff was allowed to offer evidence
in support of his second cause of action. There was a complete failure of proof.
The questions propounded to plaintiff's medical expert were not proper in form,
and not based upon proper hypotheses. Indeed, there was no medical evidence as
to what the injuries sustained by the deceased were, or what was the pathological
cause of his death. Whether intentionally or for some other reason, no attempt
was made to prove the immediate cause of death. There was no evidence to justify
a finding by the jury that in the brief time elapsing between the accident and the
delivery of the injured man to the hospital authorities at Perth Amboy, the defend-
ant violated its duty to decedent. The appellant's criticism of the learned trial
justice is without justification. The exceptions taken by plaintiff to the charge to
the jury in its entirety because of the intonation, emphasis and inflection of the
voice of the trial justice might better have been taken before the jury had reached
its verdict. We can see no reason for interfering with the judgment in this case.
Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

FOX FILM CORPORATION, Respondent, v. STUARD HIRSCHMAN and Others,
Appellants, Impleaded with Another, Defendant.— Judgment unanimously
affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning
and Kelby, JJ.

FRANCES GELTZ, Respondent, v. ALBERT GELTZ, Appellant.— Order affirmed,
with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich,
Manning, Kelby and Young, JJ., concur.

GEORGE GOELZ, Appellant, v. MAX EVENS, Respondent.— Judgment and order
unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich,
Manning, Young and Kapper, JJ.

JOSEPHINE GOELZ, Appellant, v. MAX EVENS, Respondent. — Judgment and
order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J.,
Rich, Manning, Young and Kapper, JJ.

MURRAY GOLDBERG and Another, as Administrators, etc., of SAMUEL SIEGEL,
Deceased, Respondents, v. THE DELAWARE, LACKAWANNA AND WESTERN RAIL-
ROAD COMPANY, Appellant, Impleaded with Another, Defendant.— Judgment
and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J.,
Rich, Manning, Young and Kapper, JJ.

HAVES REALTY CORPORATION, Appellant, v. FRANK B. COLTON, Respondent.—
This case is an equitable one, and the issue presented a question of fact between
the contending parties. At the end of plaintiff's case the court undoubtedly had
the right to dismiss if the plaintiff failed to make out a cause of action which
satisfied the court's conscience. The procedure followed here was a little unusual.
The learned justice, at the close of plaintiff's case, called the defendant to the stand
and interrogated him regarding a certain letter which had been sent by the defend-
ant to the plaintiff. The defendant then was excused and was not cross-examined
by plaintiff's counsel, who felt that if he did examine the defendant as to matters